Feanklin T. Voelker, J.
In this paternity proceeding under article 5 of the Family Court Act, the petitioner seeks a declaration of paternity for a male child horn to her on December 14, 1965. The proceeding has been brought against the administrator of the estate of David Hatcher, as the putative father died before the filing of the petition by the mother of the child. With the filing of the petition the court is faced with the question as to whether the petitioner’s cause of action has abated with the death of the alleged putative father of the child. The putative father died on July 21, 1967 and the instant petition was filed on August 15, 1967.
While the Court of Appeals in Schaschlo v. Taishoff (2 N Y 2d 408) has held that the statute governing filiation proceedings is entitled to liberal construction, in applying this principle, the court cannot find any authority in the statute for the maintenance of the present proceeding against the decedent’s estate. Unless the statute provides that the cause of action or proceeding may survive the death of the putative father, the proceeding abates on the death of the respondent (10 C. J. S. Bastards, § 47). In examining section 513 of the Family Court Act and section 4-1.2 of the newly created Estates, Bowers and Trusts Law, the court finds an intent on the part of the Legislature to avoid post-death litigation in this area. Section 513 of the Family Court Act provides in part: “ If a parent dies, an order of support, or a judicially approved settlement made prior to that parent’s death shall be enforceable as a claim against the deceased parent’s estate in an amount to be determined by the surrogate’s court not greater than is provided in said order or settlement, having regard to the age of the child, the ability of the surviving parent to support and educate it, the amount of property left by the deceased parent and the number, age and financial condition of those other persons legally entitled to support by the deceased parent during his or her lifetime.” (Emphasis supplied.)
Section 4-1.2 (subd. [a], par. [2]) provides: “ An illegitimate child is the legitimate child of his father so that he and his issue inherit from his father if a court of competent jurisdiction has, during the lifetime of the father, made an order of filiation declaring paternity in a proceeding instituted during the pregnancy of the mother or within two years from the birth of the child.” (Emphasis supplied.)
*303 The meaning of these two sections, in the court’s opinion, is clear and unambiguous in that they both call for the entry of an order of filiation during the lifetime of the putative father. Accordingly, for the foregoing reasons the petition is dismissed.