OPINION OF THE COURT
Saul Moskoff, J.
The issue involved herein has been the subject of increasing controversial and provocative discussion among Family Court Judges and has not yet been the subject of judicial determination in New York State except on a nisi prius level.
The petitioner has submitted a petition to this court, alleging that the respondent, who is deceased, is the father of the petitioner’s child, and on that basis to have an order of filiation entered against the respondent. The child was born out of wedlock on November 19, 1976. The respondent died five months prior to the birth of the child on June 24, 1976, and the action was commenced on August 25, 1978.
This court has held the petitioner’s application for a summons in abeyance pending a determination of the recurring question of whether a natural mother may commence a paternity proceeding naming only the deceased putative father as the respondent.
*997 The petitioner alleges that, "the only reason this petition is brought is for the sole purpose of adding the father’s name to the birth certificate of [the child in question]”. The Department of Health is authorized to issue a new birth certificate with the name of the putative father inserted, after being notified by the court of an order relating to the parentage of the child. (Public Health Law, § 4138, subd 1, par [b]; Family Ct Act, § 543.)
Notwithstanding the humanitarian and salutary motivation behind this proceeding, the Family Court is a creation of statutory law, possessing no inherent powers and authorized to proceed only in accordance with those powers vested in it by the Legislature. Assumption of jurisdiction beyond that granted to it or exercise of procedures not authorized by statute would otherwise result. This is so despite the rule requiring a liberal construction of paternity statutes so as to protect the welfare of the child and the judicial observation that "The law does not and should not look with favor upon suspending the question of parentage of a child in limbo”. (Schaschlo v Taishoff, 2 NY2d 408; Matter of ABC v XYZ, 50 Misc 2d 792, 797.)
Resolution of the question at hand depends upon an analysis of the jurisdictional requirements of article 5 of the Family Court Act. Section 523 of the Family Court Act states that the paternity action is commenced by filing a verified petition, and petitioning the court to issue a summons requiring the respondent to show cause why the court should not enter a declaration of paternity. Section 524 governs the issuance of the summons, and section 525 governs service of the summons. Further, sections 526 and 527 provide for the issuance of a warrant for, inter alia, failure to obey the summons. Thus, for paternity proceedings to properly be commenced, there must be both a petition and summons. The petitioner in this case has submitted only a petition without naming a party who may be brought before the court to defend against or contest the allegations in the petition.
In requiring notice to an adverse party, article 5 of the Family Court Act does not contemplate the preclusion of an illegitimate child from his right to establish his paternity for the purpose offered in the petition. However, the procedural requirements of the statute must first be met. The most liberal construction of the statutes cited hereinbefore does not permit any inference other than that the Legislature intended *998 a paternity proceeding to be adversarial in nature. The petitioner in this case, in naming only the decedent as the respondent would effectually change the action from one on notice to an ex parte proceeding. This court can find no authority or intent in the statute which would permit an order of filiation to be entered, or which would even permit a paternity proceeding to be commenced without the petitioner naming as the respondent an adverse party capable of contesting the allegations.
The petitioner relies on Matter of Gordon v Cole (54 Misc 2d 967) as authority for the relief requested. In that case the Family Court directed the entry of an order of filiation against a deceased putative father who was the only named respondent. The court stated, "What possible harm can come from granting this petition * * * particularly in light of the fact that there is no one in opposition to the petition? We can foresee none.” (Gordon, supra, p 969.) The court was referring to the fact that the respondent’s parents, sisters and friends all joined in support of the petition. That case may be distinguished from the one at bar, in that this court has no information as to whether the question of paternity will be contested by any adverse party. As generally stated, the charge of paternity is an easy one to make, and a difficult one to refute. This court unlike that in Gordon (supra) is unable to foresee a lack of opposition without the statutory requirement of notice being given to an adverse party. And even were the next of kin named and no opposition offered in the instant matter, the court would be unable to grant the relief sought in view of the absence of statutory authority.
Even were the petitioner to overcome the hurdle of lack of statutory authority to maintain the proceeding in its present form, she would be met by the holding in Matter of Middle-brooks v Hatcher (55 Misc 2d 301), in which the Family Court concluded that a filiation proceeding is abated by the death of the putative father.
This court finds, based upon the sections cited above that assuming a paternity action survives the death of the person liable, the adverse party to whom service must be directed is the personal representative of the decedent. It is by serving the personal representative that the court in effect obtains personal jurisdiction over the decedent. The Statute of Limitations is tolled so that the petitioner will have time to make *999 the appropriate application for the appointment of a personal representative.
This court notes in passing that the New York Supreme Court may also determine the question of the parentage of the child by means of an action pursuant to CPLR 3001 for declaratory judgment. (Matter of Melis v Department of Health of City of N. Y., 260 App Div 772; Hines v Hines, 12 Misc 2d 486.)
Accordingly, this court finds that it may not enter an order of filiation nor commence the proceedings absent notice to a personal representative of the decedent. The action may not therefore be maintained in its present form. The petition is dismissed without prejudice to renew when a proper respondent is named in accordance with this decision.