OPINION OF THE COURT
Elrich A. Eastman, J.
These paternity proceedings present a common issue of law. That issue is whether a putative father may commence a paternity proceeding naming only the deceased natural mother as the respondent. Stated differently, the issue is whether the Family Court has the authority to enter an ex parte order of filiation.
Petitioner, John H. has submitted a petition alleging that he is the father of Carlotta Annette R. born out of wedlock on September 19, 1971 to the deceased respondent mother. Similarly, petitioner Anthony Patrick A. has submitted petitions alleging that he is the father of Antoinette Latitia A. born out of wedlock on March 9, 1974 and Anthony Patrick A. born out of wedlock on January 26, 1977 to the deceased respondent mother. Presently, these three children reside with the maternal grandmother who is seeking custody.
*888 This question was recently decided in Matter of Henry v Rodd (95 Misc 2d 996). In the Henry case the petition named a deceased putative father, whereas in the instant cases, the petitions name a deceased mother. The court is not persuaded by the argument that this fact distinguishes these proceedings from Henry and therefore exempts them from the finding made therein.
In requiring notice to an adverse party, article 5 of the Family Court Act does not contemplate preclusion of a putative father from his right to establish paternity. However, as the court in Henry aptly noted (pp 997-998): "the procedural requirements of the statute must first be met. * * * The petitioner * * * in naming only the decedent as the respondent would effectively change the action from one on notice to an ex parte proceeding. This court can find no authority or intent in the statute which would permit an order of filiation to be entered, or which would even permit a paternity proceeding to be commenced without the petitioner naming as the respondent an adverse party capable of contesting the allegations.”
The court in Henry determined that the adverse party to whom service must be directed is the personal representative of the decedent.
The fact that no contest is foreseeable is not a factor in jurisdiction since the adversarial nature of the proceeding is clearly intended. Moreover, the fact that the father is the petitioner does not alter the statutory intent, notwithstanding the praiseworthiness thereof.
Accordingly, this court finds that it may not enter an order of filiation or commence a paternity proceeding in the absence of service of a summons upon a personal representative of the decedent. Hence, petitioners’ applications for issuance of summonses are denied. The petitions are dismissed without prejudice to renew when a proper respondent is named in accordance with this decision.