OPINION OF THE COURT
Jack Turret, J.
Before the Family Court may proceed with a paternity proceeding, must the Surrogate appoint a legal representative for a deceased mother?
This case involving the putative father and the maternal *786 grandmother comes before the court by way of a dispute as to custody in a guardianship proceeding. At the court’s direction a paternity proceeding was instituted by the father for the purpose of establishing his status. In that proceeding the mother (deceased) was named respondent.
The attorney appointed pursuant to article 18-B of the County Law to represent the grandmother moves on her behalf to dismiss the paternity proceeding for lack of proper parties. It is argued that the petition names a deceased person as a party and that the Surrogate must appoint an administrator for the decedent before this court may proceed to adjudge paternity. The grandmother relies heavily on a recent decision by the Family Court (Matter of Henry v Rodd, 95 Misc 2d 996). In a case where the putative father was deceased, Judge Moskoff held that the court may not enter an order of filiation nor commence the proceeding absent notice to a personal representative of the decedent. It is at once to be noted that in such a situation, the deceased father’s estate might have become liable, for the first time, for the child’s support. In contrast, the deceased mother’s estate is already liable, there being no factual or legal necessity for "adjudging” maternity. See section 513 of the Family Court Act which states that: "If a parent dies, an order of support or judicially approved settlement made prior to the parent’s death shall be enforceable as a claim against the deceased parent’s estate”. Although in the Matter of Henry v Rodd (supra) case there was no order of support during the decedent’s lifetime, there may be liability on the part of the father’s estate once filiation is established. Judge Moskoff was therefore quite correct in ordering the appointment of a personal representative in order to protect the estate.
Section 522 of the Family Court Act was amended, effective January 1, 1977, to provide that "a person alleging to be the father” may initiate a paternity proceeding. There is no question as to the putative father’s right in this case to petition. Matter of Gordon v Cole (54 Misc 2d 967) treated a case where the putative father was deceased and no legal representative was before the court. It was aptly stated at page 968:
"The question is raised whether an order of filiation may be made against a deceased alleged putative father. There is little question in my mind about the social value of making such a finding. Here we have a petition joined in by all of the *787 members of the deceased’s family, who wish to accept the child as part of their family.
"A filiation proceeding under modern law is a civil action, designed to protect the welfare of the child and the statutes governing that proceeding should be liberally construed. (Schaschlo v. Taishoff, 2 N Y 2d 408 [1957].) At common law an illegitimate child was ñlius nullius, the child of no one; the community, not its natural parents, was liable for its support. (Duerr v. Wittmann, 5 A D 2d 326 [1958].) It is now agreed that 'the law does not and should not look with favor upon suspending the question of parentage of a child in limbo’ (Matter of ABC v. XYZ, 50 Misc 2d 792, 796-97 [Family Ct., 1966].)
"The Legislature has impliedly recognized the power of the Family Court to grant an order of filiation after the death of the putative father. In 1952, the Surrogate’s Court had enforced an out-of-court acknowledgment of paternity and a support agreement against the estate of a deceased father. (Matter of Orillo, 114 N. Y. S. 2d 799 [Surrogate’s Ct., 1952].) Thereafter the Legislature did provide in section 513 of the Family Court Act that support proceedings may be brought after the death of a father only if a court support order or judicially approved settlement had been made prior to the father’s death. That portion of the Orillo decision relating to the establishment of paternity was left standing.”
Naturally there may be different problems of proof when it is the mother who is deceased and not the father. In this, as in any other paternity proceeding, the petitioner’s case must be proved by evidence that is clear, convincing and "entirely satisfactory”. (Commissioner of Public Welfare of City of N. Y. v Ryan, 238 App Div 607.) But proof is not the issue before the court at this time. The essential requirement of a paternity proceeding is that it be adversarial in nature. There must then be admissible evidence offered to meet petitioner’s burden of proof.
In People ex rel. Blake v Charger (76 Misc 2d 577) Judge Potoker heard a dispute concerning custody of a child between the putative father and maternal kindred. The court proceeded without the appointment of a legal representative for the deceased mother and ruled that the father was not barred by reason of CPLR 4519 (the dead man’s statute) from giving testimony concerning acts of sexual intercourse and cohabitation with the deceased mother, the rationale being *788 that no pecuniary interest or property is involved in respect of establishing the status of a child. This might not be true in every case since quite often substantial property rights arise from litigation in respect of paternity. (Cf. Matter of Fay, 44 NY2d 137.) The court concluded that, in Blake (supra), paternity was clearly established; thus neither the dead man’s statute nor the actual absence of the mother precludes successful prosecution of a paternity petition.
The appointment of an administrator is traditionally intended to safeguard property interests of the estate. Where, as here, the mother’s estate is negligible or nonexistent, there is nonetheless a requirement that the proceeding be adversarial in nature, and that any evidence opposing the entry of an order of filiation be produced. The mother is of course the best source of such evidence, but the Legislature has provided that: "If, after a petition is filed, the mother dies or becomes mentally ill or cannot be found within the state, the proceeding does not abate but may be continued by any of the persons authorized by this article to commence a paternity proceeding.” (Family Ct Act, § 518.) Among those so authorized is "the child’s guardian or other person * * * being the next of kin of the child” (Family Ct Act, § 522). Where, as here, the actual petitioner is the father, it appears only reasonable that the defense, if any, of the petition, like the prosecution can be "continued” by an authorized person, i.e., the maternal grandmother.
In the instant case the requirement of article 5 of the Family Court Act that the proceeding be adversarial is met. (See Matter of Henry v Rodd, 95 Misc 2d 996, 997-998, supra; and Family Ct Act, § 564, eff June 19, 1978, allowing an order of filiation to be made in any Family Court proceeding in which "both parents are before the court”.) The child is represented by a Law Guardian; the grandmother by capable counsel. All necessary parties are before the court. The deceased mother had no property and no kin other than the maternal grandmother, capable of taking letters of administration. Very often the Surrogate will proceed without the necessity of appointing a fiduciary to represent the estate of a deceased legatee under a will or a deceased distributee in an intestate estate where all the parties are before the court. In those cases the Surrogate will direct distribution of property directly to those who would take through the deceased benefi *789 ciary and the appointment of a legal representative is dispensed with.
At the argument of the motion all counsel agreed that the question before the court is whether there is a necessity for the appointment of an administrator in the mother’s estate. The answer is "no”.
Proceed accordingly on March 22, 1979 in a consolidated hearing in Part V, as heretofore directed.