OPINION OF THE COURT
Saul Moskoff, J.
In this paternity proceeding, respondent has moved pursuant to CPLR 3211 (subd [a], par 7) for an order dismissing the within proceeding on the ground that the pleading fails to state a cause of action. The petition, dated February 20, 1979 and filed March 28, 1979, contains allegations that Joseph William Corbett, who died January 28, 1978, is the natural father of Tara Lee Corbett, born out of wedlock to the pe *271 titioner on September 28, 1976. The proceeding has been brought against the administratrix of the estate of respondent.
The respondent contends that by virtue of EPTL 4-1.2 (subd [a], par [2], cl [A]) and Matter of Lalli (43 NY2d 65, affd 439 US 259), which upheld the constitutionality of said statute, this court may not enter an order of filiation wherein, as in this case, the respondent putative father has died prior to the commencement of the proceeding. The respondent alleges that EPTL 4-1.2 (subd [a], par [2], cl [A]), which governs inheritance by illegitimate persons, mandates that an order of filiation must be entered declaring paternity during the lifetime of the putative father in a proceeding instituted during the pregnancy of the mother or within two years from the birth of the child.
EPTL 4-1.2 (subd [a], par [2], cl [A]) states:
"An illegitimate child is the legitimate child of his father so that he and his issue inherit from his father and his paternal kindred if:
"(A) a court of competent jurisdiction has, during the lifetime of the father, made an order of filiation declaring paternity in a proceeding instituted during the pregnancy of the mother or within ten years from the birth of the child”. (As amd, L 1979, ch 139.)
The petitioner, in reply, contends that EPTL 4-1.2 (subd [a], par [2], cl [A]) is intended only to govern inheritance by an illegitimate child from his intestate father. The petitioner alleges that the issue of whether the subject child is the legitimate child of respondent for purposes of inheritance and whether the criteria of EPTL 4-1.2 (subd [a], par [2], cl [A]) have been met, are separate and distinct issues which are not before the Family Court for its determination on this petition. It is petitioner’s contention that as the Family Court has been given exclusive original jurisdiction over matters pertaining to paternity (Family Ct Act, § 115, subd [a], par [iii]) this court may make a determination solely on the issue of paternity without determining rights of inheritance. Petitioner states that questions of estate administration and distribution are not within the jurisdiction of Family Court, but are reserved to Surrogate’s Court. Therefore, petitioner states that the grounds asserted by respondent for dismissal of this petition cannot be sustained, as petitioner is not asking this court to make a finding that said child is entitled to share in dece *272 dent’s estate as a distributee, but petitioner is asking only for an adjudication of paternity and an order of filiation.
A prior decision of this court held that in a paternity proceeding, where the putative father had died prior to the commencement of the proceeding, the proceeding could not be commenced without first having a personal representative, capable of contesting the allegations in the petition, named as respondent. (Matter of Henry v Rodd, 95 Misc 2d 996.) The petitioner in Henry (supra) had named the decedent only, as the sole respondent. This court held that pursuant to sections 523 and 524 of the Family Court Act, the petition was not sufficient in that form to commence a paternity proceeding. This court did not, at that time, address the issue of whether the action abates upon the death of the putative father. As stated in Henry (supra, at p 998): "Even were the petitioner to overcome the hurdle of lack of statutory authority to maintain the proceeding in its present form, she would be met by the holding in Matter of Middlebrooks v Hatcher (55 Misc 2d 301), in which the Family Court concluded that a filiation proceeding is abated by the death of the putative father.” The issue of abatement was left open pending notice to the personal representative of the decedent.
In the instant proceeding, a personal representative has been named as a respondent to contest the allegations made against the deceased putative father. Thus, in addition to deciding the issue raised by the respondent in his motion to dismiss, to wit, whether EPTL 4-1.2 (subd [a], par [2], cl [A]) bars the commencement of a paternity proceeding against a deceased putative father, the court is also confronted with the issue of whether the action abates under these circumstances, notwithstanding the above-cited section of the EPTL.
With regard to the issue raised by respondent, the courts in New York have reached divergent opinions in deciding whether EPTL 4-1.2 (subd [a], par [2], cl [A]) bars the Family Court from entering an order of filiation against a deceased putative father. The court in Middlebrooks (supra), referring to this section, held that an order of filiation may be entered only during the lifetime of the father. A contrary determination was made in Matter of Gordon v Cole (54 Misc 2d 967, 968) where the court entered an order of filiation in a proceeding in which the putative father was deceased. The court, citing the EPTL, stated (p 968), "The Legislature has im *273 pliedly recognized the power of the Family Court to grant an order of filiation after the death of the putative father.”
Since the decisions in Middlebrooks (supra) and Gordon (supra), the constitutionality of the statute on which these courts relied and upon which the respondent herein relies, EPTL 4-1.2 (subd [a], par [2], cl [A]), has been litigated and upheld by the New York Court of Appeals and by the United States Supreme Court. This court is fortunate to have the analysis of the legislative history and legislative intent offered by these courts in their recent decisions, which were not available at the time Middlebrooks (supra) and Gordon (supra) were decided.
As cited above, EPTL 4-1.2 (subd [a], par [2], cl [A]) allows an illegitimate child to inherit from his father who dies intestate only if prior to the father’s death there has been a judicial declaration of paternity. In Matter of Lalli (38 NY2d 77) an illegitimate son sought an order in Surrogate’s Court for a compulsory accounting by the administratrix of his deceased father’s estate. The Surrogate dismissed the application based upon EPTL 4-1.2 (subd [a], par [2], cl [A]) as no order of filiation had been entered during the father’s lifetime. The son appealed the dismissal alleging that the statute was unconstitutional as applied, on the ground that it discriminates against a child based upon his status as an illegitimate and as such violates the equal protection clause of the Fourteenth Amendment. The Court of Appeals affirmed the lower court and upheld the constitutionality of the statute "to the extent that it prescribes the entry during the father’s lifetime of an order of filiation declaring paternity as a condition precedent for inheritance by an illegitimate child from his or her father.” (Matter of Lalli, 38 NY2d 77, 79; emphasis added.) On appeal to the United States Supreme Court, the judgment was vacated and remanded for further consideration in light of Trimble v Gordon (430 US 762). (Lalli v Lalli, 431 US 911.) On remand, the New York Court of Appeals adhered to its former disposition. (Matter of Lalli, 43 NY2d 65, supra.) In its second opinion, the Court of Appeals stated that EPTL 4-1.2 (subd [a], par [2], cl [A]) is not discriminatory in that it serves a legitimate State purpose, that being "to make provisions for 'the orderly settlement of estates and the dependability of titles to property passing under intestacy laws’ ”, (Matter of Lalli, 43 NY2d 65, 69-70, supra; citing Trimble v Gordon, 430 US 762, 771, supra.) The Supreme Court affirmed the Court of *274 Appeals second decision in Lalli v Lalli (439 US 259). In this decision, the Supreme Court reiterated that (p 268): "The primary state goal underlying the challenged aspects of § 4-1.2 is to provide for the just and orderly disposition of property at death.” The Supreme Court found this State interest to be so substantial as to justify the requirement of an order of filiation having to be entered during the lifetime of the putative father. The court further stated (p 271): "The administration of an estate will be facilitated, and the possibility of delay and uncertainty minimized, where the entitlement of an illegitimate child to notice and participation is a matter of judicial record before the administration commences.” (Emphasis added.) Thus, the courts have found that EPTL 4-1.2 (subd [a], par [2]) has a rational basis and serves a legitimate State purpose in that it permits notice to be given to all possible distributees at the time of the estate administration, permits the title to property to pass with finality, avoids belated claims on estates and avoids reopening issues of inheritance after the assets of an estate have been distributed. (Matter of Fay, 44 NY2d 137.)
In Matter of Flemm (85 Misc 2d 855, 859) the court found that finality of decree in Surrogate’s Court could not be achieved, "when there always exists the possibility however remote of a secret illegitimate lurking in the buried past of a parent or an ancestor of a class of beneficiaries”. Also see Matter of Harris (98 Misc 2d 766, 771) where the court stated in the same regard, "[t]his is a valid discharge of the State’s function of establishing an accurate and efficient method of disposing of ,an intestate decedent’s property rather than an impermissible blanket imposition of a penalty on the child related to the State encouraging its citizens to enter legitimate family relationships.”
An examination and analysis of the above-cited cases lead to the conclusion that the promulgation of a scheme of inheritance is a matter left to the discretion of the individual States. (Labine v Vincent, 401 US 532; Trimble v Gordon, supra.) The requirements of EPTL 4-1.2 (subd [a], par [2], cl [A]) pursuant to which an illegitimate child must obtain an order of filiation during the lifetime of the putative father were enacted as a State function to foster orderly estate administration. This function has been held to be substantially related to a permissible State interest. This section was not intended to impair the jurisdiction of the Family Court, *275 which has no jurisdiction over estate administration, and therefore, EPTL 4-1.2 (subd [a], par [2], cl [A]) per se does not prohibit the Family Court from entering an order of filiation subsequent to the death of the putative father.
This court notes parenthetically that EPTL 4-1.2 has been amended, effective May 29, 1979, and now provides that in addition to an order of filiation entered during the lifetime of the father, an acknowledgment of paternity signed by the putative father and executed in accordance with statutory requirements is sufficient to accord a child born out of wedlock the rights of distribution from his father and paternal kindred. (L 1979, ch 139.)
Although the Family Court is not barred by the EPTL from entering an order of filiation, there is no statute which expressly provides for the survival of a paternity proceeding where the putative father has died prior to commencement of the proceeding. The court in Middlebrooks (supra) held that this lack of statutory authority required a finding that the action abates upon the death of the putative father. At common law, all actions abated upon the death of any sole party. The Court of Appeals has stated in this regard, "[w]here neither common law nor a statute permits the bringing of an action against executors or administrators of a deceased resident, the courts of this State are without jurisdiction to pass upon such a cause of action.” (Herzog v Stern, 264 NY 379, 383-384.) It has been through legislation that certain actions no longer abate upon the death of a party. See, for example, EPTL 11-3.2, which provides for the survival of actions for injury to person or property upon the death of either party.
CPLR 1015 provides that where a party dies, the court shall order substitution of the proper parties. Substitution is conditioned, however, upon the claim not being extinguished by the death of a party. Whether the claim survives the death of a party is a question of substantive rather than procedural law. As stated above, article 5 of the Family Court Act is silent with regard to the survival or abatement of the proceeding upon the death of the putative father. Section 518 of the Family Court Act provides only for the survival of a proceeding brought by the mother, where the mother dies subsequent to filing the petition but prior to entry of an order.
Although there is a scarcity of cases on the subject in this State, jurisdictions outside of New York are in substantial agreement that a paternity proceeding is abated upon the *276 death of a putative father unless there is statutory authority which provides for the survival of the action and prosecution against the decedent’s estates. (Carpenter v Sylvester, 267 So 2d 370 [Fla]; Myers v Harrington, 70 Cal App 680; McKenzie v Lombard, 85 Me 224; Pryor v Jump, 183 Okl 560; Toms v Lohrentz, 37 Ill App 2d 414; K. K. v Estate of M. F., 145 NJ Super 250; Carlson v Bartels, 143 Neb 680; Schumm v Beery, 100 Cal App 2d 407.) "[T]his rule has been held not to be changed by various statutes relating to the support of illegitimate children and to actions against personal representatives, or by general statutes relating to the survival and abatement of actions.” (10 Am Jur 2d, Bastards, § 97; also see, 10 CJS, Bastards, § 47; and see Paternity Action — Death of Putative Father, 58 ALR2d 189, § 2, subd [a], p 190.)
The major argument against abatement of the proceeding is that an illegitimate child should have the right to establish his paternity for any proper purpose despite the fact that the putative father is deceased. (58 ALR2d 189, 191.) A petitioner may be motivated to seek an order of filiation for reasons other than inheritance. For example, in Henry v Rodd (95 Misc 2d 996, supra), the petition was brought for the sole purpose of adding the father’s name to the child’s birth certificate. In Gordon v Cole (54 Misc 2d 967, supra), the petition was also filed for the purpose of changing the name of the child to that of the putative father. Pursuant to section 4138 (subd 1, par [b]) of the Public Health Law, the father’s name may be added to the birth certificate upon notice to the Commissioner of Health of a judicial decree relating to the parentage of the child. There is no requirement that this order be made prior to the father’s death. Further, the courts have stated that, "[t]he law does not and should not look with favor upon suspending the question of parentage of a child in limbo”. (Matter of ABC v XYZ, 50 Misc 2d 792, 796-797.) The equities of petitioner or child under these circumstances must be weighed against what would effectively be judicial legislation. (K. K. v Estate of M. F., 145 NJ Super 250, supra.) In this regard, this court must reiterate what is stated in Henry (supra, at p 997): "the Family Court is a creation of statutory law, possessing no inherent powers and authorized to proceed only in accordance with those powers vested in it by the Legislature.” Also see Matter of People v Polep (233 App Div 450) holding that a paternity proceeding to compel support from a father may be maintained only by virtue of statutory authority.
*277 Accordingly, as article 5 of the Family Court Act does not contain the statutory authority required to abrogate the common-law rule of abatement upon the death of the putative father, the respondent’s motion is granted and the petition is hereby dismissed.
Adjourned date July 18, 1979 is vacated.