OPINION OF THE COURT
Kevin C. Fogarty, J.
The paternity proceeding was instituted by Alicia C., the mother of Zulema C., who died on September 15, 1981, against the respondent Evaristo G. to have him declared to be the father of a child Zamian X.P.C., who was born on August 12, 1978. Henry P., who appears on the child’s birth certificate as the father, was joined as a necessary party.
On the same date, Alicia C. filed a petition for custody against Henry P. (Docket No. V.4509/1982) alleging that the respondent had taken the child on November 12,1981. A warrant for the respondent to produce the child was issued and on June 10, 1982 the respondent appeared and the child was temporarily remanded to the Commissioner of Social Services for shelter care.
On June 15, 1982, Henry P. came to court to file a paternity proceeding, but was directed by court personnel that he must file a custody proceeding since the mother of the child was deceased. Therefore, he filed the within petition (Docket No. V.5041/1982) against Alicia C.
*765 On June 18,1982, all matters were referred to Part II for trial, where the attorney for Alicia C. moved to amend Docket No. V.5041/1982 to add Evaristo G. as respondent and to withdraw Docket No. V.4509/1982. On consent, the amendment and withdrawal were approved.
Henry P. thereupon moved to dismiss the paternity petition on the grounds that the action had abated.
Abatement of a paternity action by reason of the death of the mother has been the subject of only two reported cases: Matter of James J. v Valerie M. (98 Misc 2d 785) and Matter of La Croix v Deyo (108 Misc 2d 382). In each of the above cases, the Family Court granted to a putative father the right to maintain such an action. In Matter of James J. (supra, at p 788) the court did not specifically deal with the issues of abatement, relying rather on section 564 of the Family Court Act which allows an order of filiation to be made in any Family Court proceeding in which “both parents are before the court.” The court in James J. found that “[a]ll necessary parties are before the court.”
In Matter of La Croix (supra, at p 384), the court held: “there seems to be no logical reason, where an obligation to support is sought to be neither established nor enforced, why a putative father should not be permitted to maintain a proceeding against the legal representative of the deceased mother’s estate for the sole purpose of establishing his status. (Family Ct Act, §§ 522, 523; Matter of John J.S. v Theresa L., 99 Misc 2d 578, supra.)”
Within the Appellate Division, Second Department, Matter of Corbett v Corbett (100 Misc 2d 270, affd sub nom. Matter of Mary C. v Joseph C., 79 AD2d 1024) is the leading case. In that proceeding, a motion to dismiss on the basis of abatement due to the death of the alleged putative father was granted on the grounds that the EPTL 4-1.2 (subd [a], par [2], cl [A]) required that an order of filiation must be entered declaring paternity during the lifetime of the putative father and that “ ‘the Family Court is a creation of statutory law, possessing no inherent powers and authorized to proceed only in accordance with those powers vested in it by the Legislature.’ ” (Matter of Corbett, supra, at p 276, citing Henry v Rodd, 95 Misc 2d 996, 997.)
*766 In affirming Judge Moskoff’s decision, the Appellate Division stated (79 AD2d 1024-1025, supra): “A paternity proceeding is a proceeding instituted to determine a relationship or status between individuals and, as such, it is purely personal to the parties. Thus, in this case, where the putative father died prior to the commencement of the proceeding for an order of filiation * * * the cause of action abated prior to the institution of the proceeding and the matter was properly dismissed (see Matter of People v Polep, 233 App Div 450; Matter of Middlebrooks v Hatcher, 55 Misc 2d 301; 58 ALR3d 188; 10 Am Jur 2d, Bastards, § 97, p 917; 10 CJS Bastards, § 47, p 150).” The arguments based on inheritance and the requirements of the EPTL no longer have the compelling importance that they had at the time of Matter of Corbett in light of the recent amendment to EPTL 4-1.2 by section 2 of chapter 67 of the Laws of 1981, effective April 8, 1981, adding a provision which states that an illegitimate child may inherit if paternity has been established by clear and convincing evidence and the father of the child has openly and notoriously acknowledged the child as his own. Both respondents here seek to establish their paternity by clear and convincing evidence and both have already acknowledged the child.
The more serious question is whether the Family Court has the statutory authority to proceed upon the death of the mother. Section 518 of the Family Court Act provides as follows: “If, after a petition is filed, the mother dies or becomes mentally ill or cannot be found within the state, the proceeding does not abate but may be continued by any of the persons authorized by this article to commence a paternity proceeding.” The respondent contends that the Legislature recognized that where the death of the mother preceded the filing of said petition the cause of action has abated.
McKinney’s Statutes (McKinney’s Cons Laws of NY, Book 1), which contains a textual treatise on the construction and legal interpretation of the statutes enacted by the Legislature, provides in section 240 thereof as follows:
“§ 240. Expression of one thing as excluding others
“The maxim expressio unius est exclusio alterius is applied in the construction of the statutes, so that where a *767 law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded.”
Therefore, according to the respondent, if the Legislature in section 518 of the Family Court Act intended that the cause of action herein were to survive the death of the mother whether or not she survived the filing of the paternity petition it would have so stated.
The court has no disagreement with this analysis although it is not applicable to the present case. Were this proceeding on behalf of a right of the mother, then the court would hold that the action has abated. However, section 522 of the Family Court Act authorizes the guardian or next of kin to initiate the paternity action on behalf of the child. This court finds that if this proceeding is so construed as to be an action by the child against the two named respondents, all necessary parties are before the court and the action may proceed.
Moreover, to accept the construction of section 518 of the Family Court Act that the mother’s death abates any action for paternity would run counter to the most recent United States Supreme Court holding in Mills v Habluetzel (456 US 91, 50 USLW 4372), wherein the Supreme Court held that the Texas one-year Statute of Limitations for establishing paternity denies illegitimate children equal protection of the law. Gomez v Perez (409 US 535, 538) held that a State which grants an opportunity for legitimate children to obtain paternal support must also grant that opportunity to illegitimate children. The Supreme Court in Mills (supra, p _, 50 USLW, at p 4373), stated: “If Gomez and the equal protection principles which underlie it are to have any meaning, it is clear that the support opportunity provided by the State to illegitimate children must be more than illusory. The period for asserting the right to support must be sufficiently long to permit those who normally have an interest in such children to bring an action on their behalf”.
To hold that the child’s right to status or to support abated and that his next of kin who now has responsibility for his care may not bring any action eight and a half *768 months after the death of the mother would be patently unconstitutional.
When the mother is declared mentally ill or missing, the action does not abate. (Family Ct Act, § 518.) Recognizing that in many instances the mother’s testimony may be crucial, there is nonetheless no requirement for her presence as a necessary party. (Matter of Commissioner of Social Servs. of City of N. Y. v Bailey, 79 AD2d 572.)
The right of the child to initiate the proceeding has been upheld in numerous prior decisions. Were that right in any doubt, the holding of the United States Supreme Court would insure that his right to support and to establish his status must be equal to that of any legitimate child and a determination of status is necessary to insure that right.
The paternity proceeding shall continue to trial.