OPINION OF THE COURT
Bruce M. Kaplan, J.
Through its enactment of chapter 310 of the Laws of 1983, the Legislature conclusively and unequivocally provided that a paternity proceeding does not abate where the mother dies prior to the bringing of the petition and Kevin McC. may go forward with his petition which alleges that he is the father of Tiesheim A.
Theresa A., mother of Tiesheim, died in January, 1983. When petitioner filed this petition on May 16, 1983, he properly named Mary A., Theresa’s mother and guardian of Tiesheim, as the respondent. (Matter of James J. v Valerie M., 98 Misc 2d 785.)
Prior to the enactment of chapter 310 of the Laws of 1983, putative fathers and close relatives and fiduciaries of deceased mothers of out-of-wedlock children encountered formidable obstacles when they sought a declaration of paternity.
The first impediment was that section 518 of the Family Court Act provided that a paternity petition did not abate if the mother died, became mentally ill or could not be located within the State so long as the petition had already been filed. It was silent with respect to the consequences of the mother’s death prior to filing a petition, and the applicable principle of statutory construction necessitated that the petition abate.
*149 The maxim inclusio unius est exclusio alterius as applied to section 518 of the Family Court Act prior to the effective date of chapter 310, dictated that result.
It decrees that where a law expressly describes a particular situation to which it shall apply, an irrefutable inference must be drawn that what is omitted or excluded was intended to be omitted or excluded. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 240; Golden v Koch, 49 NY2d 690.)
It is correct that denial of the Family Court relief would not foreclose petitioner from moving for a declaratory judgment in Supreme Court. But as a practical matter, if the case were not heard in Family Court, it would not be heard at all.
The reasons for this conclusion are founded on the formidable logistical and economic obstacles confronting unsophisticated and impoverished pro se litigants who attempt to proceed in Supreme Court.
In Family Court no fees are charged to a pro se litigant in connection with bringing an action, a court clerk prepares the petition which sets out the relief requested, and a Judge orders service of process returnable in court on a specified date.
The parties in the instant matter, unlike most litigants seeking the same relief, were fortunate to be represented by able counsel. If they had been without counsel, and relegated to Supreme Court, they might have been at a severe loss in ascertaining how to proceed even though both sides sought the same ends.
While CPLR article 11 sets forth a comprehensive scheme for proceeding as a poor person, it is cumbersome and convoluted in its operation. For persons who are seeking not so much the resolution of a dispute as they are judicial validation of a state of facts which both parties know to be true, article 11 niceties would represent yet another source of delay. While an attorney may be assigned under CPLR 1102 (subd [a]) there is no requirement that the court do so. This would render the litigant uncounseled as to how papers should be drawn and served, or how the trial of an issue of fact should be conducted.
*150 While the Constitution mandates that access to the courts not be foreclosed because of an inability to pay fees (Boddie v Connecticut, 401 US 371), nevertheless the Family Court remains for very many persons the court of last resort.
All too frequently this court, and other Judges were constrained to dismiss proceedings brought to establish the paternity of a child because they were brought subsequent to the death of the child’s mother.
This result was altogether unsatisfactory both on humanitarian and social policy grounds. This led to three instances where Family Court Judges circumvented the problem utilizing a variety of approaches. In Matter of James J. v Valerie M. (98 Misc 2d 785, supra), it was not addressed. In Matter of La Croix v Deyo (108 Misc 2d 382), it was rejected for lack of a logical reason for the action not to proceed. In Matter of Alicia C. v Evaristo G. (114 Misc 2d 764, connected case revd on other grounds 93 AD2d 820), it was avoided through convoluted reasoning.
These decisions pointed up the need for clarification of the amendment of section 518 of the Family Court Act, a need which struck a responsive chord with the Legislature.
The court obtained a copy of the memorandum submitted in support of chapter 310 of the Laws of 1983. It stated that the operation of the maxim expressio unius est excluso alterius dictated abatement of a paternity proceeding where the mother died prior to its commencement. It noted the three Family Court cases cited herein dealing with section 518 of the Family Court Act and, while apparently supportive of the results reached, opted for specific language in the statute rather than “further litigation or judicial rationalization.”
While the problem of abatement will not trouble litigants who petition the court after June 21, 1983, the new law can benefit the litigant in this matter only if the statute may be applied retroactively. This court concludes that chapter 310 is entitled to retroactive application.
A statute is entitled to retroactive application if that is consonant with the legislative intent and the amendment involves remedial or procedural matters. (Merrill v Ralston, 95 AD2d 177.)
*151 It is also the general rule that a remedial statute, which is designed to correct an imperfection in the prior law, will be applied to cases which have not reached final judgment when the remedial statute becomes effective. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 54; People v Teixeira, 87 AD2d 895; Shielcrawt v Moffett, 294 NY 180.) The amendment to section 518 of the Family Court Act is remedial. It broadens the base of the court’s jurisdiction over paternity proceedings by providing an additional remedy to a declaratory judgment action under these circumstances.
Legislative intent for the amendment to be applied retroactively to any case which had not reached final judgment prior to its effective date is further evidenced by a declaration that the act take effect immediately thus affecting as many cases as practicable. (Becker v Huss Co., 43 NY2d 527, 542.)
Accordingly, the death of Theresa A. did not cause this action to abate. Upon plenary hearing based on the admission of Mary A., mother and respondent and her next of kin, the court finds clear and convincing evidence that Kevin McC. is the father of Tiesheim A. Accordingly, an order of filiation will enter.