OPINION OF THE COURT
John A Milano, J.
 In this bifurcated jury trial, prior to the court’s charge to the jury, on liability, plaintiff’s attorney moved for the following relief: (1) to declare the newly enacted General Municipal Law § 205-e (L 1989, ch 346 [eff July 12, 1989]) applicable to the case at bar and (2) that, in addition to the statutory relief under General Municipal Law § 205-e, the court also charge the jury with respect to a cause of action in common-law negligence. For the reasons enumerated below the court (1) grants plaintiff’s request with respect to the applicability of General Municipal Law § 205-e holding that General Municipal Law § 205-e is remedial in nature and may be applied retroactively to all pending actions-at-law not yet reduced to judgment and (2) denies plaintiff’s request to charge the jury on common-law negligence, holding that plaintiff is bound by the "fireman’s rule”.
FACTS
Plaintiff, Neil Sugarman, a police officer of the City of New York, attached to the 113th Police Precinct, while on auto patrol, on November 25, 1986, on the east side of the Borough of Manhattan, between 14th and 30th Streets, received a radio call from a police dispatcher to proceed to the subject premises at 307 East 14th Street, responding to a complaint. The plaintiff police officer was familiar with the subject premises and the conditions prevalent therein, having been to the building on official police business several times before in 1986, and the last time, about one week prior to the occurrence. The plaintiff arrived at the premises at 11:30 p.m., in a radio car with a companion police officer and also accompanied by an additional radio car with two other officers. The police officers, including the plaintiff, entered the building. Testimony revealed that the interior was in disarray, with garbage, crack vials, nickel bags, and newspapers strewn all over the floors and stairways, that these same conditions existed previously in regard to the said premises and that the plaintiff knew of these conditions when he entered the prem *455 ises. Regarding lighting conditions, plaintiff stated that one week before, he had entered the building and found the lights dim in some areas and in others the lights were out. But on November 25, 1986 at 11:30 p.m., the interior was pitch black with no lights at all. The building is a multiple dwelling with four flights and landings and contained at one time 20 tenants but now reduced to 4 or 5. The plaintiff officer, with his companion, unholstered his service revolver and with flashlights on and in hand began to search the premises for any possible criminal violations. With the plaintiffs companion in front, the plaintiff ascended the stairs to the rooftop, checking to see if the accommodations were secure and checking to see if the roof door was also secure. They then turned around and proceeded down the stairs, the plaintiff officer in front and the companion officer behind him. The plaintiff officer had bolstered his service revolver and with flashlight on and in his right hand and grasping the bannister with his left hand, began to descend the stairs. While the plaintiff was proceeding down the stairs between the third and second landings, plaintiff saw newspapers littered and strewn on the said stairway and in particular a section of a newspaper that looked like the New York Times. As he stepped down on his right foot, he slipped on the said section of newspaper and trying to hold on to the bannister, he fell, dropping his flashlight.
LAW
Plaintiff argues that he is entitled to have the provisions of General Municipal Law § 205-e applied to the factual situation presented above. General Municipal Law § 205-e, entitled "Right of action to certain injured or representatives of certain deceased police officers”, was enacted by the Legislature this year (eff July 12, 1989). It states in pertinent part, "in the event any accident, causing injury * * * occurs directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person * * * in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of * * * [government] * * * the person * * * guilty of said neglect * * * at the time of such injury * * * shall be liable to pay any officer * * * not less than one thousand dollars * * * such liability to be determined and such sums recovered in an action to be instituted by any person injured”. As stated in the memorandum of the State Executive Department, the purpose of this statute is "To mitigate the effect of the common law 'fireman’s *456 rule’ which prohibits police officers * * * from bringing a civil action to recover damages for injury * * * resulting from an accident arising out of another’s negligence in failing to comply with certain laws and local ordinances” (emphasis added; mem of State Executive Dept, 1989 McKinney’s Session Laws of NY, at A-376 [Pamph No. 5, Aug. 1989]).
At common law the so-called "fireman’s rule”, a variety of the doctrine of assumption of risk, denied firefighters the right to recover damages for injuries in the course of the performance of their duties. Since 1935, however, General Municipal Law § 205-a has provided a limited right of action to firefighters injured in the line of duty as a result of the negligence of another. Thus for over 50 years firefighters have had the right to recover for injuries sustained on the job when it could be shown that said injuries resulted from another’s negligence in failing to comply with State or local ordinances. (Kenavan v City of New York, 70 NY2d 558.)
During the same period, however, police officers were denied a corresponding statutory right to sue and were bound, ironically, by the fireman’s rule. The recent enactment of General Municipal Law § 205-e, which exactly parallels General Municipal Law § 205-a, now extends to policemen the same right to recover as the fireman in certain factual situations, i.e., a right to recover for any accident sustained in the line of duty where it can be shown that the accident was the result of another’s negligence in failing to comply with State or local ordinances.
The enactment of General Municipal Law § 205-e has created an additional right of action to certain injured policemen. Indeed the very title of the statute is additional "Right of action to certain injured or representatives of certain deceased police officers”. Thus, as is true with respect to General Municipal Law § 205-a, the statutory right of action contained in General Municipal Law § 205-e carves out an exception to the fireman’s rule. Neither General Municipal Law § 205-a nor General Municipal Law § 205-e abrogates the fireman’s rule. It is still true that neither a policeman nor a fireman can recover for negligence in the very situations that create the occasion for the policeman’s or fireman’s services (unless it can be shown as per the statutes that the negligence causing the injury was the failure to comply with a local statute or ordinance) (see, Santangelo v State of New York, 71 NY2d 393). Failure to prove that the injury was the result of the neglect or omission in not complying with a State or local *457 ordinance places the injured officer back within the scope of the fireman’s rule.
In the case at bar the facts adduced at trial clearly show that plaintiff was aware of the condition of the building since he had been there on prior occasions, one of which was as recent as one week before the occurrence. Moreover, plaintiff had been given a key so as to facilitate his entry into the building whenever necessary. On the basis of such facts, it is clear to this court that, although plaintiff was not summoned to the premises because of the debris-laden condition of the staircase, his presence on said staircase amounted to an assumption of risk, or if you will, a consent to be bound by the fireman’s rule. "If a participant makes an informed estimate of the risks involved in the activity and willingly undertakes them, there can be no liability [in negligence action] if [participant] is injured as a result of those risks.” (Turcotte v Fell, 68 NY2d 432, 437).
Plaintiff’s prior knowledge of the staircase’s condition bars him from pursuing his claim against the defendants in common-law negligence. Therefore, the court dismisses the common-law cause of action in negligence on the grounds that the facts adduced at trial do not support, as a matter of law, the conclusion that a jury should consider and return a verdict of liability in common-law negligence. In other words, plaintiff was not entitled to a jury charge based upon common-law negligence.
This left plaintiff with having to fit within the purview of General Municipal Law § 205-e in order to obtain any recovery herein. Plaintiff elicited facts tending to show that the defendants, were in violation of certain multiple dwelling statutes because of the condition of the staircase. Thus plaintiff was entitled to have the jury consider whether or not the violation of said multiple dwelling statutes was the contributing and proximate cause of plaintiff’s injury as per the provisions of General Municipal Law § 205-e. Factually, plaintiff sustained his burden of proof in demonstrating that the provisions of General Municipal Law § 205-e were applicable herein.
The only question to be resolved prior to charging the jury with respect to section 205-e was whether or not that statute, which was effective on July 12, 1989, applied only to cases brought after that date or whether it could be applied to cases initiated before July 12, 1989 but not yet concluded (as is the *458 situation herein). "Legislation is generally construed as prospective only, unless the language of the statute, either expressly or by necessary implication, requires retroactive application [but t]here is an exception * * * for remedial statutes, which can be given retrospective application to the extent that [they do] not impair vested rights” (Matter of Cady v County of Broome, 87 AD2d 964, 965, appeal denied 57 NY2d 602; see also, McKinney’s Cons Laws of NY, Book 1, Statutes §54). " '[R]emedial statutes’ are those designed to correct imperfections in prior law, by generally giving relief to the aggrieved party” (McKinney’s Cons Laws of NY, Book 1, Statutes § 35, at 79; see also, Coffman v Coffman, 60 AD2d 181, 188). In order to determine if General Municipal Law § 205-e is indeed remedial and entitled to retrospective application it is necessary to examine the language of the statute, its intended beneficiaries and whether or not retroactive application will impair vested rights.
From the discussion above it is clear that the language of the statute was taken virtually verbatim from General Municipal Law § 205-a (enacted in 1935). The intended beneficiaries are policemen, injured in the line of duty, who can show that said injury is the result of another’s negligence in failing to comply with a State or local ordinance, exactly the same situation as has been and is applicable to firemen under General Municipal Law § 205-a. Indeed the two statutes are identical except for the class of individuals who may avail themselves of the two statutes’ provisions. Given this parallel identity, it is clear to this court that General Municipal Law § 205-e is intended to correct a long-standing inequity between firemen and policemen with respect to their right to recover when injured on the job. As noted in the legislative statement in support of the passage of General Municipal Law § 205-e, "A substantial question of fairness is raised by the long term existence of a remedy for firefighters that negates the fireman’s rule that is not enjoyed by police officers as well.” (Mem of State Executive Dept, 1989 McKinney’s Session Laws of NY, at A-377 [Pamph No. 5, Aug. 1989].) Thus the purpose of the law is "to mitigate the effect of the common law 'fireman’s rule’ [for police officers]”. (Mem of State Executive Dept, 1989 McKinney’s Session Laws of NY, at A-376 [Pamph No. 5, Aug. 1989]).
Based upon these expressions of legislative intent as well as the parallels to be drawn between General Municipal Law § 205-a and § 205-e, this court concludes that section 205-e is *459 remedial in nature (i.e., that it was intended to correct the "imperfection” contained in section 205-a). Moreover, since there is no impairment of vested rights which would result from the retrospective application of the statute, the court is bound to "liberally [construe the statute] so as to spread [the] beneficial results as widely as possible” (Matter of Deitch, 106 Misc 2d 690, 691).
Therefore, the court concludes that General Municipal Law § 205-e is remedial and may be applied to the case at bar, despite the fact that plaintiff’s action was commenced prior to the effective date of the statute. "[A] remedial statute, which is designed to correct an imperfection in the prior law, will be applied to cases which have not [yet] reached final judgment when the remedial statute becomes effective.” (Matter of Kevin McC. v Mary A., 123 Misc 2d 148, 151, giving retroactive effect to Family Ct Act § 518; McKinney’s Cons Laws of NY, Book 1, Statutes § 54.)
In summary then, for all the above reasons, this court holds that plaintiff is entitled to have the provisions of General Municipal Law § 205-e considered by the jury in its deliberation on the issue of liability, but is not entitled to a common-law negligence charge.